

**HASBANI & LIGHT, P.C.**
ATTORNEYS AT LAW

450 Seventh Ave
Suite 1408
New York, NY 10123

Danielle P. Light
T. 646.490.6677
F. 347.491.4048
dlight@hasbanilight.com

*Licensed in NY & NJ*

June 12, 2019

**VIA ECF**
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Windward Bora, LLC v. US. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust
Docket No. 19-cv-02256

Dear Honorable Judge Donnelly:

We are counsel for Plaintiff in the above referenced action. We write in response to Defendant's letter filed with the Court regarding the stipulation for purposes of correcting the record only. The Court should know that Plaintiff is acting in good faith and will continue to act in good faith throughout the pendency of this action.

Defendant's counsel misrepresents what occurred in this case. There was no agreement to extend the time to respond to the Complaint until yesterday, June 11, 2019.

*BACKGROUND*

On May 20, 2019, counsel for Plaintiff and counsel for Defendant had a conference call regarding another matter. At the end of the call, Defendant's counsel mentioned that they were being retained to represent Defendant in this case, they were accepting service of the Complaint and that they were seeking Plaintiff's consent to extend their time to respond to the Complaint. A notice of appearance was not (and still has not been) filed in this case.

Nine days after the call, on May 29, 2019, after Defendant's counsel failed to send a proposed stipulation and a notice of appearance to Plaintiff's counsel, Plaintiff elected to proceed with its case and seek a clerk's entry of default in this case. There was no reason to believe that Defendant's counsel was actually retained by Defendant.

Ultimately, on May 31, 2019, Defendant's counsel sent the proposed stipulation

extending the time to respond to the complaint. Plaintiff's counsel overlooked that email.

On June 11, 2019, Plaintiff's counsel consented to withdraw the motion for default judgment and executed the stipulation.

The portrayal of a prior agreement before June 11, 2019 by Defendant's counsel is inaccurate.

*CONCLUSION*

Based on the foregoing and based on other discussions and correspondence with Defendant's counsel, the undersigned anticipates that this case will likely be drawn out and unnecessarily litigated far beyond what is necessary to resolve the legal issues presented in this case. Defendant will repeatedly try to paint Plaintiff's counsel as a bad faith actor. Plaintiff's counsel pre-emptively apologizes to the Court for the loss of time it is about to incur with this case.

We thank the Court for its consideration of this matter.

Thank you,

/s/Danielle P. Light

cc: Andrea Roberts, Esq.
Via ECF/Email
*Counsel for Defendant*