# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:* (212) 885-5568
*Fax:* (917) 591-9898
*Email:* aroberts@blankrome.com

June 28, 2019

**Via ECF**
Hon. Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

Re: *Windward Bora, LLC v. U.S. Bank N.A.* 19-cv-2256
**Pre-Motion Letter**

Your Honor:

We represent U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") and write pursuant to Your Honor's Rules, requesting leave to move to dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP").

Non-party borrower, Tanisha Allen ("Borrower"), purchased the property located at 1429 Pitkin Avenue, Brooklyn, New York (the "Property"). To finance the purchase of the Property, on or about March 8, 2006, Borrower obtained a mortgage loan in the amount of $499,900.00 (the "Loan") from Downey Savings and Loan Association, F.A. The Loan was evidenced by a promissory note and secured by a certain mortgage in the amount of $499,900.00 (the "Mortgage") encumbering the Property. The Loan was ultimately assigned to U.S. Bank. Plaintiff allegedly holds a certain note and mortgage dated March 28, 2006 in the amount of $160,865.00 encumbering the Property ("Plaintiff's Mortgage"). Plaintiff's Mortgage is subordinate to U.S. Bank's Mortgage.

Plaintiff commenced this action seeking to cancel and discharge U.S. Bank's senior Mortgage pursuant to Section 1501(4) of the Real Property Actions and Proceedings Law ("RPAPL") on the grounds that the statute of limitations to foreclose has expired. Specifically, Plaintiff argues the Loan was accelerated upon commencement of a prior foreclosure action on March 31, 2009 by U.S. Bank's predecessor-in-interest in the Supreme Court, Kings County entitled *Downey Savings and Loan Association, F.A. v. Tanisha Allen, et al.* (Index No. 7739/2009) (the "Foreclosure Action"). Plaintiff admits the Foreclosure Action was thereafter voluntarily

# BLANKROME

June 28, 2019
Page 2

discontinued by the parties within the six (6) year limitation period by filing of a Stipulation of Discontinuance on July 25, 2011, signed by all parties, and entered by the Kings County Clerk on August 8, 2011. *See* Complaint, ¶¶ 14, 23, Ex. G. Despite this timely discontinuance, Plaintiff still alleges, the statute of limitations expired on March 31, 2015.

Plaintiff's Complaint fails to state a quiet title claim under RPAPL § 1501(4) because U.S. Bank has a valid and enforceable lien on the Property. Under New York law, a mortgagee may, by some affirmative act, revoke its election to accelerate the loan. *See Fed. Nat'l Mortgage Ass'n v. Mebane*, 208 A.D.2d 892, 894 (2d Dept. 1994). To be effective, the act of revocation must take place within the six-year statute of limitations period. *Id.* "[O]nly if a mortgagor can show substantial prejudice will a court in the exercise of equity jurisdiction restrain the mortgagee from revoking its election to accelerate." *Golden v. Ramapo Imp. Corp.*, 78 A.D.2d 648, 650, 432 N.Y.S.2d 238, 241 (2d Dept. 1980); *see also Kilpatrick v. Germainia Life Ins. Co.*, 183 N.Y. 163, 75 N.E. 1124 (1905).

The withdrawal or discontinuance of an action constitutes an affirmative act of revocation. See *OneWest Bank, N.A. v. Simon*, 2019 WL 1320275 (E.D. N.Y. Mar. 22, 2019) (holding "When an action is discontinued, it is as if [it] had never been; everything done in the action is annulled and all prior orders in the case are nullified"); *see also See U.S. Bank Trust, N.A. v. Adhami*, 2019 WL 486086, at * 13-14 (E.D.N.Y. Feb. 6, 2019) (holding the action is not time-barred because the prior foreclosure action was voluntarily discontinued one year after commencement of the action, evidencing the intent to not bring another foreclosure action immediately after discontinuance) (*citing Cortes-Goolcharran*, 2018 WL 3748154, at *3 (E.D.N.Y. 2018) (finding at the pleading stage, plaintiff-mortgagee was "entitled to the more favorable inference" regarding its intent to forgive the default and revoke the mortgage acceleration").

Further, a number of courts have held that this revocation is further proven so long as there is additional proof of revocation. *See, e.g.*, *Freedom Mortgage Corp. v. Engel*, 163 A.D.3d 631, 81 N.Y.S.3d 156 (2d Dept. 2018); *see also Nationstar Mortg. v. Levy*, 2017 WL 3495553 (Sup. Ct. Kings Cty. May 15, 2017) (holding the service of a new Notice of Default (or 30-day notice), which provided borrower with a refreshed opportunity to bring the loan current and did not indicate that plaintiff was seeking payment of the entire indebtedness, coupled with plaintiff's discontinuance of the prior action, unequivocally demonstrated that plaintiff intended to revoke the prior acceleration); *Bank of New York v. Hutchinson*, 2017 WL 4273201, at * 9 (Sup. Ct. Kings Cty. Sept. 18, 2017) (Plaintiff's voluntary discontinuance of the foreclosure action coupled with the Borrower's acceptance of a loan modification unequivocally revoked the prior acceleration).

Plaintiff admits the Foreclosure Action was voluntarily discontinued by the parties therein with the filing of a Stipulation of Discontinuance on July 25, 2011 and entered by the Kings County Clerk on August 8, 2011. *See* Complaint, ¶¶ 14, 23, Ex. G. This discontinuance was done nearly

BLANKROME

June 28, 2019
Page 3

four years prior to the expiration of the statute of limitations and thus was clearly not done to "avoid" the statute of limitations. Thus, pursuant to established case law in the Eastern District, the Stipulation of Discontinuance **alone** constitutes an affirmative act of revocation of acceleration of the Loan.

Regardless, immediately following the entry of the Stipulation of Discontinuance, U.S. Bank and/or its predecessors-in-interest returned the loan to an installment contract, and mailed new statutory and contractual notices to the Borrower. There is no allegation in the Complaint that the loan remained accelerated. As a result, these notices further corroborate the return of the Loan to installment status, as opposed to the previous accelerated status and the timely deacceleration of the 2009 acceleration.[1]

Because the Complaint admits that U.S. Bank discontinued the prior filed Foreclosure Action and provides no allegation that the loan remained accelerated, there is no question of law that U.S. Bank affirmatively revoked any prior acceleration of the debt and the statute of limitations has not expired. Thus, Plaintiff fails to state a quiet title claim under RPAPL § 1501(4).

Moreover, "[t]o maintain a cause of action to quiet title, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument that is actually invalid or inoperative." *Zuniga v. BAC Home Loans Servicing, L.P.*, 147 A.D.3d 882, 883, 47 N.Y.S.3d 374 (2d Dept. 2017). Plaintiff does not allege possession of the Property. *See generally*, Complaint.[2] Thus, Plaintiff's Complaint fails to establish entitlement pursuant to RPAPL 1501(4).

For the reasons set forth above, U.S. Bank respectfully requests a pre-motion conference to request leave to file a motion to dismiss the Complaint pursuant to FRCP 12(b).

Respectfully submitted,
/s/ Andrea M. Roberts
Andrea M. Roberts

---

[1] Documentary evidence, such as the statutory and precontractual notices, also includes documents incorporated by reference in the complaint or, even if not incorporated by reference, documents which the complaint relies heavily upon and are integral to the complaint. *See Armstrong v. Simon & Schuster*, 85 N.Y.2d 373, 377 n.1, 625 N.Y.S.2d 477, 478 n. 1 (1995); *see also Int'l Audiotext Network v. America Tel & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . ."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)..

[2] Review of Pacer evidences that Plaintiff has commenced approximately 38 actions in the Eastern District of New York. It is impossible for Plaintiff to possess 38 properties, which is required for Plaintiff to be successful on a quiet title claim.