

450 Seventh Ave
Suite 1408
New York, NY 10123

Barry M. Golden
T. 646.490.6677
F. 347.491.4048
Bgolden@hasbanilight.com

*Licensed in NY*

July 1, 2019

**VIA ECF**
Honorable Ann M. Donnelly
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

**RE:** *Windward Bora, LLC v. U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust*
Docket No. 1:19-cv-02256-AMD-ST
Response to Defendant's Request for a Pre-Motion Conference Prior to Dispositive Motion

Dear Judge Donnelly:

We are counsel for Plaintiff, Windward Bora, LLC. ("Plaintiff" or "Windward Bora"). We write in response to the June 28, 2019 letter (the "June 28 Letter") filed by Defendant, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Defendant" or "U.S. Bank") requesting a pre-motion conference prior to filing a motion to dismiss. Plaintiff opposes this request because the claims made by U.S. Bank in the June 21 Letter are wholly without merit since U.S. Banks' stipulation of discontinuance is not a proper de-acceleration of the loan under applicable law.

**BACKGROUND**

This is an action to quiet title filed by Plaintiff pursuant to RPAPL § 1501(4) which allows a party with an interest in a property to cancel liens and encumbrances that are time-barred pursuant to CPLR § 213(4).

Here, Plaintiff asserts that Defendant's mortgage is time-barred because the entire mortgage debt was accelerated in 2009 and not subsequently revoked or tolled. As a result, the statute of limitations expired in 2015 and a new action cannot be commenced.

As a result, Plaintiff is entitled to cancelation and discharge of Defendant's mortgage.

1

**THERE IS NO LEGAL BASIS FOR A MOTION TO DISMISS**

A motion to dismiss is a waste of judicial resources and will result in an Order denying Defendant's relief because the facts and applicable law establish that Defendant's loan is time-barred under the applicable statute of limitations. Thus, Plaintiff is entitled to discharge Defendant's mortgage pursuant to RPAPL § 1501(4).

**APPLICABLE LAW**

It is well settled that an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six (6) year period immediately preceding the commencement of the action. *Wells Fargo Bank N.A. v. Burke*, 94 A.D.3d 980 (2d Dep't., 2012). "With respect to a mortgage payable in installments, there are separate causes of action for each installment accrued and the Statute of Limitations begins to run on the date each installment becomes due." *Wells Fargo Bank N.A. v. Cohen*, 80 A.D.3d 753, 754 (2d Dep't., 2010). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated the entire amount is due and the Statute of Limitations begins to run on the entire debt." *Wells Fargo v. Burke,* 94 A.D.3d at 982 (emphasis added). The filing of a Summons and Complaint and Lis Pendens in an action automatically accelerates the Note and Mortgage. *Clayton National Inc. v. Gulvi*, 307 A.D.2d 982 (2d Dep't., 2003).

The New York State Appellate Division, Second Department has been very clear on the issue of de-acceleration and stipulations of discontinuance as a revocation of the prior acceleration. If a stipulation of discontinuance is silent as to the revocation of the acceleration of the loan and as to the acceptance of monthly payments from the borrower, it is not deemed a proper de-acceleration of the loan. *Freedom Mtge. Corp. v. Engel*, 163 A.D.3d 631, 633 (2d Dept. 2018). The first time the Second Department made such a ruling was in July 2018. Since then, the Second Department has upheld this ruling on multiple occasions as recently as May 1, 2019. The Court ruled that a loan is barred by the statute of limitations if it was not properly de-accelerated, and a stipulation of discontinuance alone does not suffice when it is silent as to the terms stated above. *Aquino v. Ventures Trust 2013-I-H-R*, ____AD3d_____ (2nd Dept. 2019); *Bank of N.Y. Mellon v Craig*, 169 AD3d 627, 629 (2nd Dept. 2019).

**THE 2009 FORECLOSURE ACTION AS THE POINT OF ACCELERATION**

There is no dispute that on March 31, 2009, Defendant filed a foreclosure action seeking to enforce the subject loan against the property known as 1429 Pitkin Avenue, Brooklyn, NY 11233 ("Subject Premises") bearing Index No.: 7739/2009. At the very latest, the statute of limitations accrued on March 31, 2009. *See Wells Fargo v. Burke*, *supra.*

Defendant discontinued its action by stipulation of discontinuance dated July 25, 2011 (the "stipulation of discontinuance"). Attached hereto as **Exhibit A** is a true and correct copy of the stipulation of discontinuance. The stipulation of discontinuance was silent as to the revocation of the acceleration of the

2

mortgage debt and as to the acceptance of monthly payments from the mortgagor.

As a result, pursuant to *Freedom Mtge. Corp. v. Engel*, *supra*, the stipulation of discontinuance was legally ineffective to revoke the 2009 acceleration. *See* **Exhibit A**. Since a new foreclosure action was not filed after the 2009 foreclosure action was filed and before the expiration of the statute of limitations in 2015, a new action is time-barred and Defendant cannot foreclose its mortgage. Thus, Plaintiff is entitled to discharge and cancelation of Defendant's mortgage pursuant to RPAPL § 1501(4).

Based upon the foregoing, there is no legal basis for Defendant to file a motion to dismiss and Defendant's request must be denied.

We thank the Court for its time and attention to this matter.

Thank you,


*/s/ Barry M. Golden*