IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

WINDWARD BORA, LLC,

                          Plaintiff,

   -against-

U.S. BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN 2016
SC6 TITLE TRUST,

                       Defendant.

Case No. 1:19-cv-02256-AMD-ST

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

**HASBANI & LIGHT, PC**
Barry M. Golden
Seth D. Weinberg
450 Seventh Avenue, Ste 1408
New York, New York 10123
Telephone: (212) 643-6677
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................1

STATEMENT OF FACTS ......................................................................................2

PROCEDURAL HISTORY ....................................................................................3

ARGUMENT ..........................................................................................................3

    I.    Legal Standards .........................................................................................3

        a.    Standard For Dismissal Under Fed.R.Civ.P. 12(b)(6)...................................3

        b.    The Application of New York State Law To Federal Cases ....................................4

    I.    The Borrowers and Title Owner Are Not Necessary Parties In The Instant Action Because Their Interests Aren't Being Affected .....................................................4

    II.    The Statute of Limitations on Defendant's Loan Accrued on March 31, 2009 and Expired on March 31, 2015 ............................................................................5

    III.    Defendant Failed to Establish A Proper Revocation of Its Acceleration of the Loan Through The Stipulation of Voluntary Discontinuance .........................................7

    a.    Defendant's Mailing of RPAPL 1304 Notices In 2011 and the Notice of Default In 2012 Clearly Establish That Defendant Intended to Immediately Commence a New Foreclosure Action .................................................................................9

    CONCLUSION ...................................................................................11

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*ATSI Communications, Inc. v. Shaar Fund Ltd.,* 493 F.3d 87 (2d Cir. 2007).................................3

*Bank of New York Mellon v. Craig,* 169 A.D.3d 627 (2d Dept. 2019).....................................8

*Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007)) .......................................................3

*Clayton Natl. v. Gulvi,* 307 A.D.2d 982 (2d Dept. 2003) ...........................................7

*Conley v. Gibson,* 355 U.S. 41 (1957)) ...................................................................3

*Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C.*, No. 17CV3976FBSJB, 2018 WL 3748154 (E.D.N.Y. Aug. 7, 2018)..................................................................9, 10

*Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1, Mortg. Pass-Through Certificates, Series 2006-OA1*, No. 17-928, 2017 WL 4574795 (2d Cir. July 12, 2017) ..........6

*Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329 (S.D.N.Y. 2017)................................................................................6

*DiBella v. Hopkins*, 403 F.3d 102 (2d Cir. 2005)...........................................................4

*Ditech Financial, LLC v. Naidu,* 175 A.D.3d 1378 (2d Dept. 2019).......................................8

*EMC Mtge. Corp. v. Patella,* 279 A.D.2d 604 (2d Dept. 2001)......................................7

*Freedom Mortgage Corp. v. Engel,* 163 A.D.3d 631 (2d Dept. 2018)....................................8

*J & JT Holding Corp. v. Deutsche Bank Nat. Trust Co.,* 173 A.D.3d 704 (2d Dept. 2019)..10

*Jenkins v. McKeithen,* 395 U.S. 411 (1969) ...............................................................3

*Lavin v. Elmakiss*, 302 A.D.2d 638 (2d Dept. 2003)...................................................7

*Mills v. Polar Molecular Corp.,* 12 F.3d 1170 (2d Cir.1993) ...........................................3

*Semerdjian v. McDougal Littell,* 2008 WL 110942 (S.D.N.Y 2008)..............................3

*Sorbello v. Birchez Assocs., LLC*, 61 A.D.3d 1225 (3rd Dept. 2009) ...............................5

*U.S. Bank N.A. v. Guastella,* No. 217CV2439DRHAYS, 2018 WL 4344976 (E.D.N.Y. Sept. 11, 2018) ................................................................................................................9, 11

*U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18CV530PKCAKT, 2019 WL 486086 (E.D.N.Y. Feb. 6, 2019) ....................................................4, 9, 11

*U.S. Bank Trust, N.A. v. Aorta,* 167 A.D.3d 807 (2d Dept. 2018) ...........................................10

*U.S. Bank, N.A. v. Leone,* 175 A.D.3d 1452 (2d Dept. 2019) ................................................10

*UMLIC VP. LLC v. Mellace*, 19 A.D.3d 684 (2d Dept. 2005) ....................................................7

*Valmonte v. Bane,* 18 F.3d 992 (2d Cir.1994) ............................................................................3

*Vargas v. Deutsche Bank Nat. Trust Co.,* 168 A.D.3d 630 (1st Dept. 2019) ..........................9

*Verdon v. Consolidated Rail Corp.,* 828 F.Supp. 1129 (S.D.N.Y. 1993) .......................................3

*Wells Fargo Bank, N.A. v. Burke,* 94 A.D.3d 980 (2d Dept. 2012) .....................................8, 9

*West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 (1940) ...................................................................4

*York v. Ass'n of Bar of City of New York,* 286 F.3d 122 (2d Cir.2002)........................................3

**Statutes**

12 C.F.R. § 1026.20(c) ............................................................................................................14

Fed.R.Civ.P. 12(b)(6) ....................................................................................................1, 3, 4

N.Y.C.P.L.R. § 213 ...................................................................................................................8

N.Y.R.P.A.P.L. § 1304 ....................................................................................................11, 13

N.Y.R.P.A.P.L. § 1501(4) .........................................................................................................1

N.Y.R.P.A.P.L. § 1511(2) .....................................................................................................5, 6

Plaintiff, Windward Bora, LLC ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to dismiss (the "Motion to Dismiss") filed by Defendant, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(6) (the "Opposition").

## PRELIMINARY STATEMENT

This is an action (the "Instant Action" or the "2019 Quiet Title Action") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to discharge a Mortgage dated March 8, 2006 and recorded in the Office of the City Register for the City of New York on May 1, 2006 in CRFN 2006000239568 (the "Disputed Mortgage") securing the repayment of a note dated the same date for the principal sum of $499,900.00 against the real property known as 1429 Pitkin Avenue, Brooklyn, New York 11233 (Block: 1475 Lot: 71) (the "Subject Premises" or the "Property").

On October 4, 2019, the Defendant filed the instant Motion to Dismiss, arguing that the Instant Action should be dismissed based on Plaintiff's purported failure to state a claim upon which relief can be granted. Additionally, Defendant incorrectly argues that dismissal is proper because the Disputed Mortgage is not time barred. Specifically, Defendant incorrect argues that Defendant's voluntary discontinuance of its 2009 Foreclosure Action was a proper revocation of Defendant's acceleration of its loan (the "Loan"). Additionally, Defendant incorrectly alleges that since several demand notices were sent to the borrower after the 2009 Foreclosure Action was discontinued, there is further proof that there was a proper revocation of the Loan. Finally, Defendant incorrectly argues that the Instant Action should be dismissed because Plaintiff failed to name all necessary parties in the Instant Action, as neither the borrower (the "Borrower"), nor the current title owner of the property (the "Title Owner") were named in the Instant Action.

Defendant's Motion to Dismiss must be denied because Defendant fails to prove that either the Stipulation of Discontinuance in the 2009 Foreclosure Action or the demand notices sent to the Borrower warrant dismissal in this Instant Action. Rather, dismissal is not warranted here because there is no affirmative act in either the Stipulation of Discontinuance or the demand notices to be considered a proper revocation of the Loan because, as set forth below in greater detail, the Appellate Division for the Second Department has expressly held that a Stipulation of Discontinuance must state the that the election to accelerate is being revoked and that the mortgagee would start accepting monthly payments from the borrower. Additionally, the demand notices failed to mention that the Borrower must make monthly payments, a requirement for a de-acceleration letter to be considered a proper revocation. Therefore, Defendant's basis for seeking dismissal must be rejected.

For these reasons, and for the reasons set forth herein, Defendant's Motion to Dismiss must be denied in its entirety.

## STATEMENT OF FACTS

For the sake of judicial economy, and to avoid redundancy, Plaintiff incorporates Sections A, B, and C of the statement of facts in Defendant's Motion to Dismiss (the "Statement of Facts") into the instant Memorandum of Law. Additionally, Plaintiff incorporates the statements in Section D of the Statement of Facts which allege that Defendant mailed RPAPL Notices, Notices of Intent to Foreclose, and Notices of Interest Rate Adjustments. However, Plaintiff denies the statements in Section D of the Statement of Facts which allege that the Loan was returned to installment status and that Defendant began normal collection practices for the Loan.

## PROCEDURAL HISTORY

For the sake of judicial economy, and to avoid redundancy, Plaintiff incorporates Sections

A, B, C, and D of the procedural history in Defendant's Motion to Dismiss (the "Procedural

History") into the instant Memorandum of Law.

## ARGUMENT

### I.   *Legal Standards*

#### a.   Standard For Dismissal Under Fed.R.Civ.P. 12(b)(6)

"Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim

upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The Court must read the complaint

generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual

allegations." *Semerdjian v. McDougal Littell,* 2008 WL 110942, 2 (S.D.N.Y 2008) *citing to York

v. Ass'n of Bar of City of New York,* 286 F.3d 122, 125 (2d Cir.2002); *see also, Mills v. Polar

Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993); *Verdon v. Consolidated Rail Corp.,* 828

F.Supp. 1129, 1137 (S.D.N.Y. 1993). "A court should dismiss a complaint only "if 'it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.'" *Semerdjian citing to Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994) (*quoting

Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *see also, Jenkins v. McKeithen,* 395 U.S. 411, 422

(1969) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which

his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative

level.'" *Semerdjian citing to ATSI Communications, Inc. v. Shaar Fund Ltd.,* 493 F.3d 87 (2d Cir.

2007) (*quoting Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007)).

The movant of a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6) must show beyond a

doubt that no set of facts can support the claims made. The opposing party need only show a right

to the relief beyond the speculative level. As stated above and discussed further below, Defendant has failed to establish that either the Borrower or Title Owner are necessary parties. Additionally, it is undisputed that the Statute of Limitations commenced when Defendant filed the 2009 Foreclosure Action. Defendant has failed to prove that the Stipulation of Discontinuance or demand notices mailed to borrower properly revoked the Loan acceleration.

b. <u>The Application of New York State Law To Federal Cases</u>

In the absence of a decision from the New York State Court of Appeals, federal courts will "[p]rincipally ... consider the language of the state intermediate appellate courts to be helpful indicators of how the state's highest court would rule. Although [the Court is] not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18CV530PKCAKT, 2019 WL 486086, at *5 (E.D.N.Y. Feb. 6, 2019) (*citing to DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (*quoting West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 237 (1940)).

**I.     *The Borrowers and Title Owner Are Not Necessary Parties In The Instant Action Because Their Interests Aren't Being Affected***

Defendant's instant motion must be denied because it fails to prove that Plaintiff's Instant Action should be dismissed. Specifically, Defendant fails to prove that Plaintiff's Complaint fails to name all necessary parties because the interests of the Borrower and Title Owner to the Property will not be affected by the Instant Action.

In an action to quiet title, a missing party is necessary where "it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in

any manner be affected by the judgment." *See,* RPAPL § 1511(2). Defendant fails to prove that either the Borrowers or the Title Owner's interests would be affected in any way by the judgment.

First, the Borrower allegedly deeded the Property to nonparty 123 Powell LLC ("Powell"), and therefore no longer has an interest in the Property. *See,* the Declaration of Andrea Roberts, the ("Roberts Declaration") at **Exhibit D**. Further, Defendant fails to provide evidence that the Title Owner's interest in the property would be affected in any way.

Should the Court instead find that the Borrower and Title Owner are necessary parties, then the proper remedy would be for the Court to grant Plaintiff leave to include the Borrower and Title Owner in the Instant Action, not dismiss the Instant Action in its entirety as Defendant requests. Pursuant to RPAPL § 1511(2), "Where it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment, the court, upon application of such person, or of any party to the action, or on its own motion, may direct that such person be made a party." *See,* RPAPL § 1511(2). *See also, Sorbello v. Birchez Assocs., LLC*, 61 A.D.3d 1225, 1226 (3rd Dept. 2009). Therefore, regardless of the merits of Defendant's allegations regarding necessary parties, dismissing the Instant Action is not the proper course of action to remedy Defendant's allegations. Accordingly, Defendant's Motion to Dismiss must be denied in its entirety.

## II.     The Statute of Limitations on Defendant's Loan Accrued on March 31, 2009 and Expired on March 31, 2015

There is no doubt that the statute of limitations began to run on March 31, 2009 when Defendant filed a foreclosure complaint in the New York State Supreme Court, County of Kings, and expired on March 31, 2015.

With regard to foreclosure actions, the statute of limitations begins to run from the date on which the mortgage debt is accelerated. *See, Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg.*

*Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 340 (S.D.N.Y. 2017), *appeal withdrawn sub nom. Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1, Mortg. Pass-Through Certificates, Series 2006-OA1*, No. 17-928, 2017 WL 4574795 (2d Cir. July 12, 2017) (holding that "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt." [Internal citations and quotation marks omitted.]).

The filing of a summons and complaint commencing a foreclosure action constitutes an acceleration triggering the running of the six-year statute of limitations. *See, U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18CV530PKCAKT, 2019 WL 486086, at *4 (E.D.N.Y. Feb. 6, 2019); *see also Assets Recovery 23, LLC v. Gasper*, No. 15CV5049RJDCLP, 2017 WL 3610568, at *8 (E.D.N.Y. July 25, 2017), *report and recommendation adopted*, No. 15CV5049RJDCLP, 2017 WL 3610517 (E.D.N.Y. Aug. 21, 2017) (holding that "commencement of a foreclosure action can constitute an affirmative act of acceleration…for the purposes of the six-year statute of limitations." [Internal citations omitted.].)

The statute of limitations for a mortgage-foreclosure action is six years from acceleration under New York law. *See, Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, *supra*; *see also,* CPLR § 213 ("[A]n action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" shall "be commenced within six years.").

On March 31, 2009, Defendant filed its foreclosure action. *See,* the Roberts Declaration, **Exhibit A**. Therefore, on that date, the six-year statute of limitations began to accrue. *See, U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, *supra*. According to CPLR § 213(4), the statute of limitations expired on March 31, 2015, which is six-years from

commencement of the March 31, 2009 foreclosure action. Since a new action was not commenced before expiration of the statute of limitations, Plaintiff is entitled to summary judgment because a new foreclosure action is time-barred.

### III.   *Defendant Failed to Establish A Proper Revocation of Its Acceleration of the Loan Through The Stipulation of Voluntary Discontinuance*

This Court must deny Defendant's Motion to Dismiss because Defendant fails to establish that the Loan was properly decelerated as a result of the voluntary stipulation of discontinuance in the 2009 Foreclosure Action. Under the current New York State Appellate Division precedent, a stipulation of voluntary discontinuance is *not* a valid revocation of an acceleration of a mortgage debt unless the stipulation of voluntary discontinuance states that the mortgagee would start accepting monthly payments from the borrower.

The law in New York is clear. A lender may revoke its election to accelerate the mortgage through an affirmative act of revocation occurring during the six-year statute of limitations. *See EMC Mtge. Corp. v. Patella,* 279 A.D.2d 604 (2d Dept. 2001). The Second Department has again and again opined that without an affirmative and unambiguous act by a lender to revoke a prior acceleration, the acceleration remains undisturbed and the Limitations Statute still runs. *See UMLIC VP. LLC v. Mellace*, 19 A.D.3d 684, (2d Dept. 2005); *Clayton Natl. v. Gulvi,* 307 A.D.2d 982 (2d Dept. 2003); *Lavin v. Elmakiss*, 302 A.D.2d 638 (2d Dept. 2003).

The Appellate Division has made it extremely clear that if a mortgagee seeks to de-accelerate a loan by discontinuing a previously filed foreclosure action, the stipulation of voluntary discontinuance must state that the election to accelerate is being revoked and that the mortgagee will start accepting monthly payments from the borrower. *See, Freedom*

Mortgage Corp. v. Engel, 163 A.D.3d 631 (2d Dept. 2018)[1]; see also Ditech Financial, LLC v. Naidu, 175 A.D.3d 1378 (2d Dept. 2019); Bank of New York Mellon v. Craig, 169 A.D.3d 627 (2d Dept. 2019).

Additionally, it is the borrower that must be provided with an unequivocal notice of the holder's decision to revoke its prior acceleration of the mortgage note. See generally, Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980 (2d Dept. 2012).

Here, the stipulation of discontinuance filed by Downey Savings and Loan Association, F.A., Defendant's predecessor in interest, did not give any reason as to why the 2009 Action was being discontinued. See, the Roberts Declaration, **Exhibit B**. The stipulation was silent on the issue of the revocation of the election to accelerate and did not otherwise indicate that the foreclosing plaintiff would accept installment payments from the borrower. See, id. Furthermore, this stipulation was between Cohn & Roth, as attorneys for Defendant's predecessor in interest (the Plaintiff in the Foreclosure Action) and Fein Such & Crane, LLP, as attorney's for National City Bank, which was at that time the assignee of record for the second position mortgage. See, id.

Accordingly, the Defendant fails to establish that the stipulation of voluntary discontinuance acted as a revocation of the acceleration because it did not state that election to accelerate is being revoked and that its predecessor in interest would start accepting monthly payments from the borrower. See, Engel, 163 A.D.3d 631 (2d Dept. 2018); Naidu, 175 A.D.3d 1378 (2d Dept. 2019); Craig, 169 A.D.3d 627 (2d Dept. 2019). See also, the Roberts Declaration at **Exhibit B**. Furthermore, the stipulation cannot be interpreted as providing the borrower with a clear an unequivocal notice of a decision to revoke the prior acceleration of the mortgage note because the borrower was not a party to the stipulation and there is no

---

[1] By the Decision dated June 6, 2019, the New York State Court of Appeals granted Respondent, Hershel Engel's motion seeking leave to appeal. See Freedom Mortgage Corp. v. Engel, 33 N.Y.3d 1039 (2019).

evidence in the record to suggest that the stipulation was ever even sent to the borrower. *See, generally Wells Fargo Bank, N.A. v. Burke,* 94 A.D.3d 980 (2d Dept. 2012).

Therefore, Defendant's Motion to Dismiss must be denied in its entirety.

a. <u>Defendant's Mailing of RPAPL 1304 Notices In 2011 and the Notice of Default In 2012 Clearly Establish That Defendant Intended to Immediately Commence a New Foreclosure Action</u>

Defendant incorrectly argues that the mailing of RPAPL § 1304 notices and notices of default to the borrower following the discontinuance of the 2009 Foreclosure Action act as evidence of its intend to de-accelerate. This argument contradicts the current legal precedent on this issue in the New York Appellate Division.

A mortgagee must prove that it "intended to forgive the default and revoke its acceleration," not "that [the mortgagee] simply intended to bring another foreclosure action for the full amount...." *Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C.*, No. 17CV3976FBSJB, 2018 WL 3748154, at *3 (E.D.N.Y. Aug. 7, 2018). This logic dictates that a discontinuance of a foreclosure action does not necessarily constitute such an affirmative act of revocation because it may raise a triable issue of fact as to the intent behind the discontinuance. *See, id.; see also, U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami,* No. 18CV530PKCAKT, 2019 WL 486086, at *5 (E.D.N.Y. Feb. 6, 2019); *U.S. Bank N.A. v. Guastella,* No. 217CV2439DRHAYS, 2018 WL 4344976, at *3 (E.D.N.Y. Sept. 11, 2018).

This is precisely the logic set forth by the current precedent in the New York State Appellate Division. Specifically, letters sent to a borrower following a discontinuance that continue to attempt to collect the debt from the borrower lead to a conclusion that the discontinuance should not be deemed a revocation of the prior acceleration. *See, Vargas v. Deutsche Bank Nat. Trust Co.,* 168 A.D.3d 630 (1st Dept. 2019). Thus, the argument that the sending of RPAPL § 1304 letters and other notices of default to a borrower is evidence of a revocation lacks merit. *See,*

*U.S. Bank Trust, N.A. v. Aorta,* 167 A.D.3d 807 (2d Dept. 2018); *U.S. Bank, N.A. v. Leone,* 175 A.D.3d 1452 (2d Dept. 2019); *J & JT Holding Corp. v. Deutsche Bank Nat. Trust Co.,* 173 A.D.3d 704 (2d Dept. 2019).

In this case, less than one month after the voluntary discontinuance of the 2009 Foreclosure Action on July 25, 2011, *see,* the Roberts Declaration, **Exhibit B**, an RPAPL § 1304 notice dated August 18, 2018 was sent to the Borrower. *See,* the affidavit of Alfred Johnson (the "Johnson Affidavit") attached to Defendant's Motion to Dismiss, **Exhibit 5**. This letter did not ask the Borrower to submit a monthly payment, rather it directed the Borrower to cure her entire default by tendering a payment of $116,079.09 by September 18, 2011. *See, id.* This letter also specifically stated the following:

> If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (sooner if you cease to live in the dwelling as your primary residence). *See,* the Johnson Affidavit, **Exhibit 5**.

On January 25, 2012, a letter entitled "Notice of Intent to Foreclose" was mailed to the Borrower. *See,* the Johnson Affidavit, **Exhibit 6**. This letter again stated the Borrower owed $130,486.69 and the amount was due within thirty (30) days. *See, id.* This letter affirmatively stated that a "[f]oreclosure action may begin without further notice to you."

On December 9, 2013, yet another RPAPL § 1304 notice was mailed to borrower. *See,* the Johnson Affidavit, **Exhibit 7**. Once again, the notice did not state anything about acceptance of individual installment payments and demanded that the Borrower tender the full amount to cure the default which was now $204,798.77. *See, id.*

As such, it is clear that the intent of the voluntary discontinuance was not to forgive the default and revoke the acceleration, but to commence another foreclosure action. *See, Cortes-Goolcharran,* No. 17CV3976FBSJB, 2018 WL 3748154, at *3 (E.D.N.Y. Aug. 7, 2018); *see also,*

*Adhami,* No. 18CV530PKCAKT, 2019 WL 486086, at *5 (E.D.N.Y. Feb. 6, 2019); *Guastella,* No. 217CV2439DRHAYS, 2018 WL 4344976, at *3 (E.D.N.Y. Sept. 11, 2018). Therefore, Defendant's Motion should be denied in its entirety.

> b. The Notices of Rate Adjustment Are Nothing More than Notices in Compliance with RESPA and the Mortgage to signify a Change in the Interest Rate

Defendant incorrectly argues that the U.S. Bank generated notices of rate adjustment are "additional proof of de-acceleration." *See,* the Memorandum of Law, Page 12. This argument is completely devoid of merit. First and foremost, as previously explained, Defendant has failed to unequivocally revoke its 2009 acceleration of the mortgage debt. Second, these notices were contractually required under the terms of the Mortgage to notify the Borrower of the rate change, and also required under RESPA. Thus, Defendant's Motion should be dismissed.

The Adjustable Rate Rider annexed to Defendant's Mortgage mandates that in anticipation of an interest rate adjustment a "Note Holder will deliver or mail a notice of any change in the amount of my monthly payment." *See,* the Johnson Affidavit, **Exhibit 3,** Adjustable Rate Rider § 4. Additionally, under RESPA, Regulation Z a notice is required to be sent to the borrower showing the interest rate adjustment and the effect on the monthly payment. *See,* 12 C.F.R. § 1026.20(c).

Here, the Defendant provides this court with Rate Adjustment notices sent to the Borrower beginning in 2014. *See,* the Johnson Affidavit, **Exhibit 8**. These notices do not demand payment. *See, id.* Rather, these notices explain to the Borrower what the monthly payment *would have been* following the interest rate adjustment. Such notice was in compliance with the Mortgage and RESPA.

## CONCLUSION

This Court must deny Defendant's Motion to Dismiss in its entirety. All necessary parties are parties to the instant action. Additionally, the statute of limitations has expired and the

Stipulation of Discontinuance in the 2009 Foreclosure Action, demand notices and notices of interest rate adjustment are insufficient to be deemed a proper revocation of the acceleration of the acceleration.

Dated:  New York, New York
        November 13, 2019

                     **HASBANI & LIGHT, P.C.**

                     *_/s/ Barry M. Golden_*
                     Barry M. Golden