UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

**WINDWARD BORA, LLC**,

                        Plaintiff,

        – against –

**U.S. BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN 2016
SC6 TITLE TRUST LETTER**, *et al.*,

                    Defendants.

--------------------------------------------------------------- X

**MEMORANDUM DECISION AND
ORDER**
19-CV-2256 (AMD) (ST)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brought this quiet title action against the defendants, seeking cancellation

and discharge of its mortgage obligation.  On September 15, 2020, I denied the defendant U.S.

Bank's motion to dismiss, but granted the defendant's motion to stay this action on November

23, 2020, pending the New York Court of Appeals' decision in *Freedom Mortg. Corp. v. Engel*,

37 N.Y.3d 1, *reargument denied*, N.Y.3d 926 (2021), on the question of whether a voluntary

discontinuance can constitute an affirmative act of revocation.  In a February 18, 2021 decision,

the New York Court of Appeals decided that question in the affirmative.  The defendant moved

on November 30, 2021 to renew its previous motion to dismiss for reconsideration.  For the

reasons below, I grant the defendant's motion and dismiss this action.

## BACKGROUND

On March 31, 2009, the defendant U.S. Bank's predecessor-in-interest commenced a

foreclosure action in the Kings County Supreme Court against the borrower Tanisha Allen for

the property at 1429 Pitkin Avenue in Brooklyn, New York.[1]  On July 25, 2011, the foreclosure action was discontinued pursuant to a stipulation of discontinuance, which was so-ordered by the Honorable Jack M. Battaglia.  On March 4, 2015, the borrower deeded the property to 123 Powell LLC.  After the borrower executed a note and mortgage on the property in favor of the defendant's predecessor-in-interest, the borrower executed a second note and mortgage on the property in favor of National City Bank, which then sold its note and mortgage to the plaintiff in 2018.  (ECF No. 34 at 2-3.)

The plaintiff commenced a quiet title action against the defendant on April 17, 2019, seeking to declare the defendant's note and mortgage unenforceable, and to cancel and discharge the mortgage pursuant to N.Y. RPAPL § 1501(4).  In the current quiet title action, the plaintiff seeks to expunge the mortgage, claiming that the statute of limitations to foreclose has expired. On October 4, 2019, the defendant moved to dismiss the action (ECF No. 20), and on May 18, 2020, the plaintiff requested that discovery proceed while the defendant's motion was pending. (ECF No. 32.)  I denied the plaintiff's request, and then denied the defendant's motion to dismiss, but permitted the defendant to renew its motion to dismiss if the New York Court of Appeals "concludes that a voluntary discontinuance can constitute an affirmative act of revocation."  (ECF No. 34 at 8 n.4.)  *Engel* was pending at the time.  *See Freedom Mortg. Corp. v. Engel*, 163 A.D.3d 631 (2d Dep't 2018), *leave to appeal granted in part and denied in part*, 33 N.Y.3d 1039 (2019).

---

[1] This background section is drawn from the defendant U.S. Bank's motion, with which the plaintiff agrees (ECF Nos. 50-12, 55-4 at 4), as well as other materials filed to the docket of which the Court takes judicial notice.  *See Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) (permitting a court to take judicial notice on a motion to dismiss "to determine what statements [the documents] contain[ ] . . . [and] not for the truth of the matters asserted" (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).

On September 29, 2020, the plaintiff filed an amended complaint.  The defendant[2]

answered and moved for a temporary stay pending the New York Court of Appeals' decision in

*Engel*.  I granted that motion on November 23, 2020.  (ECF No. 44.)  The Court of Appeals

decided *Engel* on February 18, 2021, finding that "when a bank effectuated an acceleration via

the commencement of a foreclosure action, a voluntary discontinuance of that action—i.e., the

withdrawal of the complaint—constitutes a revocation of that acceleration."  *Engel*, 37 N.Y.3d 1,

31.  On February 22, 2021, the defendant asked the Court to lift the stay and permit it to renew

its motion to dismiss (ECF No. 45), and I lifted the stay that same day.[3]  On November 30, 2021,

the defendant moved to renew and reconsider its motion to dismiss.  (ECF No. 50.)[4]

## LEGAL STANDARD

Rule 60(b) permits a court to relieve a party from a final judgment in certain

circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based

on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Since 60(b)

allows extraordinary judicial relief, it is invoked only upon a showing of exceptional

circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of*

*New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary

---

[2] Although the amended complaint named both U.S. Bank and 123 Powell LLC as defendants, I refer to U.S. Bank as "the defendant" because 123 Powell LLC has not entered an appearance in this case.  I had previously granted the plaintiff leave to amend its complaint to name 123 Powell LLC as a party.

[3] On April 12, 2021, the plaintiff again requested that discovery proceed.  (ECF No. 47.)  On June 18, 2021, the defendant filed a new foreclosure action in the Kings County Supreme Court to foreclose on the mortgage at issue.  (ECF No. 55-1.)

[4] On January 25, 2022, I denied the plaintiff's request to dismiss this case.

judicial relief invoked only if the moving party demonstrates exceptional circumstances" (citations and quotation marks omitted)).

Courts in this circuit interpret Rule 60 to permit reconsideration only where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

## DISCUSSION

### I.     Acceleration

The defendant argues that *Engel*, which the Court of Appeals decided after I denied the defendant's motion to dismiss, constitutes an intervening change in the law, and that I would have granted the motion to dismiss if *Engel* had been decided earlier.  (ECF Nos. 50-12, 56.) The plaintiff responds that *Engel* was "a very limited decision" that does not address a noteholder's right to revoke a prior acceleration when the contract is silent on the issue.  (ECF No. 55-4.)

In denying the defendant's motion to dismiss, I relied on Appellate Division, Second Department cases, which held that "a lender's mere act of discontinuing an action, without more, does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt" because "the voluntary discontinuance of a foreclosure action may be occasioned for any number of different reasons, including those that have nothing to do with an intent to revoke the

4

acceleration." *Christiana Tr. v. Barua*, 184 A.D.3d 140, 146-47 (2d Dep't 2020); *see also Ditech Fin., LLC v. Naidu*, 175 A.D.3d 1387, 1389 (2d Dep't 2019); *Engel*, 163 A.D.3d 631; *Bank of N.Y. Mellon v. Craig*, 169 A.D.3d 627 (2d Dep't 2019).  Applying that law, I found that the defendant in this case did not revoke its decision to accelerate by an "affirmative act of revocation" when it entered into a stipulation of discontinuance on July 25, 2011; I determined that the other contractual and statutory notices sent to the borrower were not evidence that the defendant revoked the acceleration of the debt before the statute of limitations expired (ECF No. 34 at 5, 8-10), and the defendant's stipulation did not constitute an affirmative act of revocation because it "contains none of the provisions that the Second Department described as necessary for a stipulation of discontinuance to stand on its own as evidence of revocation."  (ECF No. 34 at 8.)

In *Engel*, the New York Court of Appeals rejected the Second Department's reasoning, finding that "the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary." *Engel*, 37 N.Y.3d at 19.  The court explained that a voluntary discontinuance "withdraws the complaint and, when the complaint is the only expression of a demand for immediate payment of the entire debt, this is the functional equivalent of a statement by the lender that the acceleration is being revoked." *Id.* at 32.  Alternatively, a noteholder's acceleration becomes "final and irrevocable" after the borrower changes her position "in reliance on that election." *Id.* at 28 (citing *Kilpatrick v. Germania Life Ins. Co.*, 183 N.Y. 163 (1905)).  The Second Circuit subsequently interpreted *Engel* to mean that voluntary discontinuance is one of several "affirmative acts" that could "successfully de-accelerate a mortgage." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 80 (2d Cir. 2021).

The parties agree (*see* ECF Nos. 50-12, 55-4) that the mortgage at issue "was accelerated by the commencement of the [defendant's] Foreclosure Action on March 31, 2009," and that a stipulation of discontinuance was filed on July 25, 2011.  (ECF No. 35 ¶¶ 24, 25.)  Applying the *Engel* ruling, the statute of limitations did not expire on March 31, 2015 because the filing of the July 25, 2011 stipulation constituted an affirmative act of revocation of acceleration, *see Engel*, 37 N.Y.3d at 19, 28, and the amended complaint does not allege any contemporaneous statement to the contrary, or that the borrower changed her position in reliance of the prior acceleration. (ECF No. 35.)

The plaintiff's efforts to distinguish *Engel* are not persuasive.  The plaintiff maintains that there was no revocation because the mortgage did not include a provision addressing revocation by stipulation.[5]  (ECF No. 55-4 at 7-9.)  But in *Engel*, the Court of Appeals observed that "the Appellate Division departments have consistently held that, absent a provision in the operative agreements setting forth precisely what a noteholder must do to revoke an election to accelerate, revocation can be accomplished by an 'affirmative act' of the noteholder within six years of the election to accelerate."  *Engel*, 37 N.Y.3d at 28-29; *see also 53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 79 (2d Cir. 2021).  As *Engel* makes clear, a voluntary discontinuance "constitutes a revocation" of "an acceleration via the commencement of a foreclosure action." *Engel*, 37 N.Y.3d at 31.  None of the cases on which the plaintiff relies imposes such a requirement.[6]  (*See* ECF No. 55-4 at 7-9 (citing *Filner v. Shapiro*, 633 F.2d 139, 141 (2d Cir.

---

[5] The defendant contends that the plaintiff does not have standing to raise arguments about the terms of the borrower's mortgage.  (ECF No. 55-4 at 9-11; ECF No. 56 at 10-12.)  I do not reach this question because the plaintiff's arguments are unavailing even if it does have standing.

[6] I do not consider whether a "right to revoke" provision is an essential part of a mortgage agreement, or the extent to which extrinsic evidence must be considered in interpreting a mortgage agreement.  (ECF No. 55-4 at 8-9.)  *Engel* makes clear that these provisions are not necessary when an acceleration is revoked by stipulation, as happened here.  *See Engel*, 37 N.Y.3d at 28-29.

1980) (discussing an executive's obligations to use funds in connection with building a hotel);
*Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 120 (2d Cir. 2011) (discussing silence when
interpreting contracts in the arbitration context); *Kirschten v. Rsch. Institutes of Am., Inc.*, No.
94-CV-7947, 1997 WL 739587, at *7 (S.D.N.Y. Sept. 24, 1997) (discussing general principles of
contract interpretation)).)

## II.   Discovery

The plaintiff argues that I should deny the defendant's motion to dismiss "because
Discovery is Necessary Post-*Engel*."  (ECF No. 55-4 at 6-7.)  The defendant responds that
discovery is unnecessary.  (ECF No. 56 at 6-8.)

Citing *Engel*'s holding that "an election to accelerate must be made by an 'unequivocal
overt act' that discloses the noteholder's choice," 37 N.Y.3d at 23, the plaintiff asserts that
"discovery is necessary because there may exist an acceleration that would warrant discharge" of
the mortgage.  (ECF No. 56 at 3.)  But the language on which the plaintiff relies is simply a
restatement of established New York law that elections to accelerate must be made by an
"unequivocal overt act."  *See Engel*, 37 N.Y.3d at 23 (citing *Albertina Realty Co. v. Rosbro
Realty Corp.*, 180 N.E. 176 (1932)).  *Engel* did not impose a discovery requirement for a motion
to dismiss based on a statute of limitations claim.

The plaintiff also maintains that discovery is necessary "to confirm whether an
acceleration occurred between the dismissal of the 2009 Foreclosure Action and the
commencement of the 2021 Foreclosure Action that are not of public record."  (ECF No. 55-4 at
7.)  A court may deny a motion to dismiss when there are factual questions that would benefit
from discovery.  *See, e.g.*, *Choi v. 37 Parsons Realty LLC*, 444 F. Supp. 3d 411, 423 (E.D.N.Y.
2020) ("[U]nless the complaint alleges facts that create an ironclad defense, a limitations
argument must await factual development."); *Bild v. Konig*, No. 09-CV-5576, 2011 WL 666259,

at *3 (E.D.N.Y. Feb. 14, 2011) ("The determination of when a statute of limitations began to run is generally a factual one."); *Bice v. Robb*, 324 F. App'x 79, 81 (2d Cir. 2009) (reversing and remanding because the question of whether the statute of limitations had run "turns on a number of unresolved issues of fact that would benefit from discovery").  In this case, the plaintiff does not allege that the debt was accelerated in any way other than commencement of the foreclosure action in 2009, with the applicable statute of limitations expiring in 2015.  (*See* ECF No. 35 ¶¶ 14-20.)  Accordingly, there are no outstanding questions of fact to be resolved.

## III.   Time-Bar

The plaintiff argues that this case should not be dismissed because any amounts that were due before June 18, 2015—six years before the defendant's new foreclosure action in the Kings County Supreme Court—are time barred.  (ECF No. 55 at 11-12.)  But as the defendant observes (ECF No. 56 at 13), the 2021 foreclosure action is irrelevant; the plaintiff seeks to expunge the mortgage based on the statute of limitations associated with the 2009 foreclosure action.  (ECF No. 35 at 7.)  Amounts to be collected by the defendant from the 2021 foreclosure action have no effect on this action.

**CONCLUSION**

For these reasons, I grant the defendant's motion to renew and reconsider its motion to dismiss, and dismiss this action.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
March 22, 2022